IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| MICHAEL CASSABON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:19-cv-799-DCN |
| vs. | ) | |
| | ) | **ORDER** |
| THE BISHOP OF CHARLESTON, a | ) | |
| Corporation Sole, and ROBERT E. | ) | |
| GUGLIELMONE, Bishop of Charleston, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The following matter is before the court on defendants The Bishop of Charleston and Robert E. Guglielmone's (collectively, "defendants") motion to dismiss, ECF No. 8. This case relates to defendants' alleged infliction of emotional distress upon and retaliatory discharge of plaintiff Michael Cassabon ("Cassabon"). The court dispenses with a recitation of the facts, as they are irrelevant to the issue that requires dismissal of this case. Cassabon filed his complaint in this court on March 18, 2019. ECF No. 1. Defendants filed their motion to dismiss on May 31, 2019. ECF No. 8. Cassabon responded on June 24, 2019, ECF No. 12, and defendants replied on July 1, 2019, ECF No. 15. Upon consideration of the motion, the court has determined that it does not have subject-matter jurisdiction and therefore dismisses the case.

A court may consider whether it has subject-matter jurisdiction on its own initiative and at any stage of litigation. Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006); see also Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004) ("[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the

1

court."). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." Arbaugh, 546 U.S. at 514.

Neither party raises the issue here, but the court finds that it lacks subject-matter jurisdiction over this case. Cassabon's complaint is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. See Compl. ¶¶ 1–5; see also ECF No. 12 at 2 (arguing that the court has subject-matter jurisdiction based on diversity jurisdiction). Under 28 U.S.C. § 1332(a)(1), federal courts have jurisdiction over civil actions between "citizens of different States." However, "[i]n order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989). 28 U.S.C. § 1332(a)(2) also provides jurisdiction to federal courts in cases between "citizens of a State and citizens or subjects of a foreign state." United States citizens who are domiciled abroad do not fall into either of these categories and therefore cannot invoke diversity jurisdiction. Newman-Green, Inc., 490 U.S. at 828; see also 13E Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3621 (3d ed.) ("[T]wo classes of persons, Americans domiciled abroad lacking state citizen[ship] and individuals possessing no national citizenship, are denied access to the diversity jurisdiction of the federal courts by judicial interpretation of the word 'citizen' in Section 1332 of the Judicial Code.").

To establish diversity jurisdiction, Cassabon alleges that he is "an adult United States citizen who presently resides in Canada[,]" Compl. ¶1, while both defendants are citizens of South Carolina, Compl. ¶¶ 2, 5. According to these allegations, Cassabon is a United States citizen who is domiciled in Canada. As such, Cassabon is not a citizen of a

2

State under 28 U.S.C. § 1332(a)(1), nor is he a foreign citizen under 28 U.S.C. § 1332(a)(2). Therefore, he is unable to invoke diversity jurisdiction. Because Cassabon cannot invoke diversity jurisdiction and his claims are based on state law, the court does not have subject matter jurisdiction and must dismiss this case.

    **AND IT IS SO ORDERED.**

                                     **DAVID C. NORTON**
                                     **UNITED STATES DISTRICT JUDGE**

**August 13, 2019**
**Charleston, South Carolina**